IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUKE BOLTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO JACQUES, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C 09-04587 CW (PR)<br><br>ORDER REVIEWING AMENDED COMPLAINT UNDER 28 U.S.C. § 1915A; AND DIRECTING PLAINTIFF TO FILE PROOF OF SERVICE OR SHOW CAUSE |

INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that violations of his constitutional rights. Plaintiff also raises state law claims.

On May 3, 2010, Plaintiff filed an amended complaint.

Venue is proper because the events giving rise to the claim are alleged to have occurred at Pelican Bay State Prison (PBSP), which is located in this judicial district. See 28 U.S.C. § 1391(b).

In his amended complaint, Plaintiff names the following Defendants: PBSP Warden Francisco Jacques; Captain R. Johnson; Lieutenant R. L. Graves; Sergeant M. Weningham; Officer M. Cleary; Chief Medical Officer Michael C. Sayre; Health Care Manage Maureen McLean; Family Nurse Practitioner Sue Risenhoover; Registered Nurse James Flowers and Doe Defendants One through Twenty-Five. Plaintiff seeks monetary damages as well as declaratory and injunctive relief.

The Court now reviews the allegations in the amended complaint and directs Plaintiff, who has paid the filing fee in this matter,

to show proof that he has served those Defendants against whom cognizable claims for relief have been found, as directed below.

DISCUSSION

I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

II.  Legal Claims

   A.   Excessive Force

A prisoner has the right to be free from cruel and unusual punishment, including physical abuse by guards.  Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.

2

Hudson v. McMillian, 503 U.S. 1, 6 (1992) (citing Whitley v. Albers, 475 U.S. 312, 317 (1986)).

Plaintiff alleges that from November 13 through 16, 2008, he was subjected to excessive force by Defendants Weningham and several other PBSP officers when he was placed in "a contraband surveillance watch (CSW) cell on the directions of Defendant Weningham, for suspicion of swallowing some type of contraband." (Am. Compl. at 7.) Specifically, on November 13, 2008, Defendant Cleary and Officer John Doe escorted Plaintiff into the CSW cell "on the directions of Defendant Weningham." (Id.) Plaintiff claims that he sustained injuries due to Defendants' process of preparing him for the new placement in the CSW cell and deliberately subjecting him to severe physical and mental pain and suffering with no regard to their actions. (Id. at 7-14.) As part of the process, Plaintiff's legs were shackled and "then tightly taping each leg and waistband area of the boxer shorts that Plaintiff was wearing." (Id. at 7.) According to Plaintiff, the taping process was very painful and caused skin damage. (Id. at 13.) He was released on November 16, 2008, "and escorted back to his building/pod, with no contraband ever being found." (Id. at 14.)

Liberally construed, Plaintiff's amended complaint states a cognizable Eighth Amendment claim against Defendants Weningham and Doe Defendants One through Twenty-Five.

Plaintiff alleges that Defendant Cleary escorted him to the CSW cell "on the directions of Defendant Weningham." (Am. Compl. at 7.) Plaintiff does not allege that Defendant Cleary participated in the taping process. Accordingly, Plaintiff's claim

3

fails to state an Eighth Amendment violation against Defendant Cleary; therefore, it is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amendment to the complaint to allege, if he can truthfully do so, that Defendant Cleary used excessive force against him.

B. Deliberate Indifference Claims

Plaintiff's allegations also state claims for deliberate indifference to his basic human needs and to his serious medical needs.

1. Basic Human Needs

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. See Helling v. McKinney, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official possesses a sufficiently culpable state of mind, id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is

4

sufficiently serious to satisfy the objective first component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. The more basic the need, the shorter the time it may be withheld. See Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.

Plaintiff states that Defendants were deliberately indifferent to his physical and mental well being by depriving him "of his basic human needs of sufficient ventilation, warmth and personal hygiene and to be free from the intentional and unnecessary infliction of pain and suffering" while he was placed in the CSW cell from November 13 through 16, 2008. (Am. Compl. at 14.) Plaintiff has adequately pled a cognizable deliberate indifference claim against Defendants Weningham and Doe Defendants One through Twenty-Five.

Plaintiff's claim against Defendant Cleary -- who escorted him to the CSW cell at Defendant Weningham's direction -- fails to amount to an deliberate indifference claim; therefore, it is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amendment to the complaint to allege facts from which it could be inferred that Defendant Cleary was deliberately indifferent to Plaintiff's basic human needs.

    2.   Serious Medical Needs

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976);

5

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegations that he suffered injuries from being placed in the CSW cell, including "red welts/both legs&waist area/ankles&wrists, rash under both armpits, swollen right knee," supports an inference that he had a serious medical need. Liberally construed, Plaintiff's allegations that prison medical staff failed to provide adequate medical treatment for his injuries and that "his medical condition in his right knee has deteriorated" state a cognizable deliberate indifference claim against Defendants Risenhoover and Flowers.

Plaintiff also states a deliberate indifference claim against those Defendants who reviewed Plaintiff's appeal relating to his injuries and did not remedy the constitutional violation. Therefore, this claim may proceed against Defendants Sayre and McLean.

6

C.   Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). To prove retaliation, a plaintiff must show that the defendants took adverse action against him or her that "would chill or silence a person of ordinary firmness from future First Amendment activities." White v. Lee, 227 F.3d 1214, 1228 (9th Cir. 2000) (citing Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999)).

First, Plaintiff alleges that Defendant Weningham's actions of placing him in the CSW cell and "refusing to allow Plaintiff to voluntarily submit to an x-ray examination support the inference that Defendant Weningham's actions were behind a past criminal proceding [sic]." (Am. Compl. at 19.) Specifically, Plaintiff claims that on November 13, 2008, Defendant Weningham "approached [his] cell smiling and made a statement about [Plaintiff] swallowing some type of contraband which Plaintiff adamantly denied." (Id. at 6.) Before Defendant Weningham started to walk away, he "stated to Plaintiff (quote) I told you that we would never forget." (Id.) Plaintiff claims that Defendant Weningham's statement was "in reference to a 1999 criminal case which Plaintiff was involved with up until February 2007." (Id.) However, the placement in the CSW cell occurred years after the criminal case

7

was resolved. This does not, without more, state a claim for retaliation; rather, Plaintiff must explain how the criminal case involved Defendant Weningham, how it amounted to protected conduct, and why he thought Defendant Weningham's comment referred to it. See Huskey v. City of San Jose, 204 F.3d 893, 899 (9th Cir. 2000) (retaliation claim cannot rest on the logical fallacy of post hoc, ergo propter hoc, i.e., "after this, therefore because of this"). Here, Plaintiff does not allege any nexus between the CSW cell placement and his criminal case. While Plaintiff claims that prison officials placed him in the CSW cell without a legitimate administrative purpose, there is no indication that prison officials would not have placed him in the CSW cell even if he had not been involved in the prior criminal case. Cf. Sher, 739 F.2d at 82 (no retaliatory transfer claim stated where administrative reasons relied on by defendants would have caused them to transfer prisoner whether or not they also entertained thoughts of retaliation). Accordingly, Plaintiff's retaliation claim against Defendant Weningham based on placement in the CSW cell is DISMISSED WITH LEAVE TO AMEND. Plaintiff may file an amendment to the complaint to allege facts from which it could be inferred that the placement in the CSW cell was in retaliation for the exercise of his constitutional rights.

   D.   Supervisory Liability Claim

   Plaintiff sues Defendants Jacques, Johnson and Graves in their supervisory capacity. Plaintiff does not allege facts demonstrating that these Defendants violated his federal rights, but seems to claim they are liable based on the conduct of their subordinates, Defendants Weningham and Cleary. There is, however,

8

no respondeat superior liability under § 1983 solely because a defendant is responsible for the actions or omissions of another. See <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Id.</u> A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

Plaintiff's supervisory liability claim against Defendants Jacques, Johnson and Graves is therefore DISMISSED WITH LEAVE TO AMEND. He may file an amendment to the complaint that alleges supervisory liability under the standards explained above.

E.   Claim Against Doe Defendants

Plaintiff identifies Doe Defendants One through Twenty-Five whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. <u>Id.</u> Failure to afford the plaintiff such an opportunity is error. See <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identity through discovery, he may

9

move to file a second amended complaint to add them as named defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

   F.  State Law Claims

Plaintiff alleges that Defendants' deliberate indifference to his serious medical needs violates various provisions of California constitutional, statutory and tort law.  The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'"  28 U.S.C. § 1367(a).

Plaintiff asserts supplementary state law claims that the actions of Defendants were tortious.  Liberally construed, Plaintiff's allegations satisfy the statutory requirement.  Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

III. Service

Because Plaintiff is not proceeding in forma pauperis in this action, he may not rely on the United States Marshal for service of the summons and amended complaint without paying for this service.  See Fed. R. Civ. P. 4(c)(3).  Consequently, Plaintiff is responsible for serving all Defendants against whom cognizable claims for relief have been found.  Plaintiff has not filed a proof of service showing that any defendant has been served with the summons and amended complaint in accordance with the Federal Rules of Civil Procedure.  Specifically, Rule 4(m) of the Federal Rules of Civil Procedure provides:

10

> If service and summons of a complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The Court GRANTS Plaintiff <u>sixty (60) days</u> from the date of this Order to serve Defendants pursuant to the instructions below, and to file proof of service.

Title 28 U.S.C. § 1921(a)(A) provides that the United States Marshal shall routinely collect, and the Court may tax as costs, fees for serving a summons and complaint.  Title 28 C.F.R. § 0.114(a)(3) provides that the United States Marshal shall collect a fee for personal service of a summons and complaint at the rate of $55.00 per hour, or portion thereof, plus travel expenses. Plaintiff may himself arrange for service of all Defendants against whom cognizable claims for relief have been found or he may request the Court to order the Marshal to do so.  If Plaintiff wishes the Marshal to serve the summons and amended complaint, he must inform the Court of this within <u>twenty (20) days</u> of the date of this Order and he must arrange to pay the required fee.

Alternatively, Plaintiff may accomplish service of Defendants pursuant to Federal Rule of Civil Procedure 4(d) which provides that plaintiffs may send to the defendants a notice that they are being sued and a request that they waive service of a summons.  The notice must be in writing, addressed to the individual defendants, name the court where the amended complaint was filed, be accompanied by a copy of the amended complaint, two copies of the

11

waiver form, and a prepaid means for returning the form, be sent by first class mail or other reliable means, state the date the request was sent and give the defendant a reasonable time, at least thirty days after the request was sent, to return the waiver. See Fed. R. Civ. P. 4(d)(1)(A)-(G). The Clerk shall mail to Plaintiff sufficient copies of the Court's official "Waiver of Service of Summons" forms.

If Plaintiff requests that Defendants waive service, Defendants are cautioned that Rule 4(d) requires them to cooperate in saving unnecessary costs of service of the summons and amended complaint. Pursuant to Rule 4(d)(2), if Defendants, after being notified of this action and requested by Plaintiff to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before sixty (60) days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty (60) days from the date on which the request for waiver was

12

sent or twenty (20) days from the date the waiver form is filed, whichever is later.

IV. Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the merits. Accordingly, the request for appointment of counsel at this time is DENIED. The Court will consider appointment of counsel later in the proceedings, after

13

Defendants have filed their dispositive motion and the Court has a better understanding of the procedural and substantive matters at issue. Therefore, Plaintiff may file a renewed motion for the appointment of counsel after Defendants' dispositive motion has been filed. If the Court decides that appointment of counsel is warranted at that time, it will seek volunteer counsel to agree to represent Plaintiff pro bono.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claims for the use of excessive force and for deliberate indifference to his basic human needs against Defendants Weningham. Plaintiff's Eighth Amendment claims against Defendant Cleary are DISMISSED WITH LEAVE TO AMEND as indicated above.

2. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Defendants Sayre, McLean, Risenhoover and Flowers.

3. Plaintiff's retaliation claim against Defendant Weningham based on retaliatory placement in the CSW cell is DISMISSED WITH LEAVE TO AMEND as indicated above.

4. Plaintiff's supervisory liability claim against Defendants Jacques, Johnson and Graves is DISMISSED WITH LEAVE TO AMEND as indicated above.

5. Within thirty (30) days of the date of this Order Plaintiff may file amended Eighth Amendment, retaliation and supervisory liability claims (Plaintiff shall resubmit only those claims and not the entire complaint) as set forth above in Sections II(A), (B)(1), (C) and (D) of this Order. He must clearly label

14

the document an "Amendment to the Complaint," and write in the case number for this action. The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's Eighth Amendment claims against Defendant Cleary, his retaliation claim against Defendant Weningham, and his supervisory liability claim against Defendants Jacques, Johnson and Graves.

    6. The claims against Doe Defendants One through Twenty-Five are DISMISSED WITHOUT PREJUDICE.

    7. Within <u>sixty (60) days</u> of the date this Order is filed Plaintiff shall provide the Court with proof of service of the summons and amended complaint upon all Defendants against whom cognizable claims for relief have been found.

    As mentioned above, Plaintiff may himself arrange for service of all Defendants against whom cognizable claims for relief have been found or he may request the Court to order the Marshal to do so. If Plaintiff wishes the Marshal to serve the summons and amended complaint, he must inform the Court of this within <u>twenty (20) days</u> of the date of this Order and he must arrange to pay the required fee. If Plaintiff chooses to request that Defendants waive service of summons, he must inform the Court that he has done so within <u>twenty (20) days</u> of the date of this Order.

    8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

15

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

10. Plaintiff's request for appointment of counsel (docket no. 6) is DENIED.

11. This Order terminates Docket no. 6.

12. The Court orders the Clerk of the Court to send this Order to PBSP Litigation Coordinator Harlan Watkins and to the California Attorney General and to mail courtesy copies to each Defendant so that Defendants have prior notice of this lawsuit and of the consequences if they fail to waive formal service and require service by the United States Marshal.

IT IS SO ORDERED.

DATED: June 1, 2010

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DUKE BOLTER,

        Plaintiff,

v.

FRANCISCO JACQUES et al,

        Defendant.

Case Number: CV09-04587 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 1, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Duke Bolter E-13662
D-2 #122
Pelican Bay State Prison
P.O. Box 7500
Crescent City, CA 95532

Dated: June 1, 2010

        Richard W. Wieking, Clerk
        By: Ronnie Hersler, Adm Law Clerk